## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tommy Antwan Montgomery, | ) | C/A No. 5:17-00790-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Tommy Antwan Montgomery ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 18, 19. On July 3, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 20. On August 28, 2017, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 32. On August 31, 2017, Respondent filed a Reply to Petitioner's Response in Opposition to Summary Judgment. ECF No. 33. On September 7, 2017, Petitioner filed a Motion for Expenditure of Funds for Investigative and Expert Services. ECF No. 35. There, Petitioner seeks an "investigator attorney" pursuant to section 17-3-50 of the South Carolina Code for "indigent defense" services. *Id.* Petitioner, referring to himself as "Defendant," maintains he believes "in good faith that independent investigation services are needed due to the extreme nature of his case." *Id.* Having carefully considered the parties'

submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be granted, Petitioner's Motion for Expenditure of Funds, ECF No. 35, be denied, and Petitioner's habeas Petition be denied.

I.      Background

Petitioner is currently incarcerated in the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2011, Petitioner was indicted at the December term of the Charleston County Grand Jury for murder (2011-GS-10-07917). App. 105-10.[1] On June 26, 2013, Petitioner pleaded guilty to the murder charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), before the Honorable R. Markey Dennis. App. 1-26. During his plea, Assistant Public Defender Meghan Erhlick represented Petitioner, and Assistant Solicitor Burns Wetmore appeared on behalf of the State. *Id.* Judge Dennis sentenced Petitioner to 40-years imprisonment for the murder conviction. App. 26. Petitioner did not appeal his guilty plea or sentence.

II.     Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on July 11, 2013 (2013-CP-10-4035). App. 28-34. In his Application, Petitioner failed to articulate "the grounds on which he was being held unlawfully." App. 30. Assistant Attorney General Ashleigh R. Wilson filed a Return on December 3, 2013, on the State's behalf. App. 35-38. On December 18, 2013, the Honorable Roger M. Young filed a Conditional Order of Dismissal. App. 39-41.

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty-plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 18-1 in this habeas matter.

Attorney Rodney D. Davis filed an Amended Application for PCR on Petitioner's behalf on January 3, 2014. App. 42-43. There, Petitioner alleged his plea counsel was ineffective for:

A. Failing to fully investigate the evidence and witnesses in the case.
B. Failing to obtain full discovery until June 2013 (the month of the guilty plea).
C. Failing to provide full discovery to the Applicant.
D. Failing to have the fingerprint evidence independently reviewed.
E. Failing to have the DNA evidence independently reviewed.

App. 42-43. After reviewing Petitioner's Amended PCR Application, Judge Young held that Petitioner's allegations were "sufficient to warrant a hearing." App. 44. Thereafter a motions hearing convened on July 21, 2015, and July 31, 2015, before the Honorable Roger E. Henderson. App. 45-93. Petitioner was present and represented by Attorney Davis, and Assistant Attorney General J. Rutledge Johnson appeared on behalf of the State. *See id.* Petitioner and Megan Ehrlich, Petitioner's plea counsel, appeared and testified at the hearing. *Id.* By Order of dismissal filed on September 22, 2015, the PCR court denied and dismissed Petitioner's PCR Application with prejudice making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80(2003).

**Ineffective Assistance of Counsel**

> Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule. 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler. Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C.at 117, 385 S.E.2d at 625, *citing* Strickland. Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985).

This Court finds the Applicant's testimony regarding Counsel's ineffectiveness is not credible while also finding Counsel's testimony is credible.

This Court also finds Counsel provided effective assistance of counsel in this case. Counsel advised Applicant of all of the charges and the sentences the charges carried. Counsel negotiated with the State in Applicant's best interest. Applicant also testified he pled guilty because he did not want to risk a trial and face life without parole. Applicant admitted nobody threatened him to plead guilty, and there were no promises other than the negotiations to entice him to plead guilty. This Court finds Applicant made the decision to plead guilty on his own accord with the help of learned counsel. Additionally, this Court finds Applicant made this decision freely and voluntarily without any threats or promises from anyone else. Furthermore, this Court finds that it was ultimately the Applicant's decision to plead guilty.

This Court also finds Counsel effectively represented Applicant with respect to the DNA and finger/palm print evidence. Counsel testified she hired an independent expert to review and aid her in understanding the finger/palm print evidence in the case and would have utilized this expert had Applicant chosen to pursue a trial. Counsel also testified that while she did not retain a DNA expert she would have, had Applicant chosen a trial. She further testified that because the second DNA analysis from the buccal swab came in only six (6) days before the guilty plea, she did not have time to retain an expert. Nevertheless, Applicant, knowing this, chose to plead guilty because, in his words, he knew the State would take the plea offer off of the table if he did not accept it, and he did not

want to risk life without parole. Not only does this Court find Counsel acted more than reasonably under the circumstances, but also that Applicant can prove no resulting prejudice due to the fact that he knew about the analyses and chose to accept the offer regardless. Thus, this allegation is denied.

Additionally, this Court finds Applicant can prove no prejudice for Counsel's alleged failure to locate witnesses to establish a third-party guilty claim. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post-conviction relief. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied. 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' testimony would have been cannot, by itself satisfy his burden of showing prejudice. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995).   An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998). While Applicant claims Counsel failed to locate witnesses on his behalf, Applicant failed to produce these witnesses at the PCR hearing, and therefore, can prove no resulting prejudice. Nevertheless, Counsel testified she and her investigator attempted to locate witnesses in this case, and the only name they were able to investigate was "Caveman." This Court finds Counsel acted in a reasonable manner given the information she was provided. Thus, this allegation is denied.

This Court further finds Counsel was effective in her representation concerning the discovery in the case. While Applicant claimed Counsel did not provide him with complete discovery until the month of the plea, Counsel testified she received the discovery continuously in stages until the plea. The major part of the discovery that was not given to Applicant until the month of the plea was the DNA analysis because, as Counsel testified, the State got a second search warrant for Applicant's DNA, and the results were not available until then. Moreover, Applicant admitted he met frequently with Counsel and received the Rule 5 materials. This Court finds the Applicant has failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced thereby.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test—that Counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that Counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of Strickland—that he was prejudiced by Counsel's performance. This Court

concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. Therefore, these allegations are denied.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court notifies the Applicant that he must file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the Applicant's behalf. Applicant's attention is directed to South Carolina Appellate Court Rule 243 for appropriate procedures for appeal.

**IT IS THEREFORE ORDERED**:

1. That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and
2. The Applicant must be remanded to the custody of the Respondent.

App. 94-104. Thereafter, PCR counsel filed a Notice of Appeal on October 16, 2015. ECF No.

18-2. Appellate Defender Lanelle Durant represented Petitioner on appeal, filing a *Johnson*

Petition[2] for Writ of Certiorari in the Supreme Court. ECF No. 18-3. The *Johnson* petition

presented the following issue: "Did the PCR court err in failing to find plea counsel ineffective

for not insuring that Petitioner Montgomery's guilty plea was entered freely, voluntarily, and

knowingly because counsel did not fully investigate Petitioner's case by not evaluating the DNA

the second time it was collected and for not investigating potential witnesses?" *Id.* at 3. Petitioner

filed a *pro se* petition for certiorari. ECF No. 18-4. On July 18, 2016, the South Carolina

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Supreme Court denied the Petition for Writ of Certiorari and granted appellate counsel's petition

to be relieved as counsel, ECF No. 18-5, and issued the remittitur on August 3, 2016, ECF No.

18-6. This Petition followed on March 23, 2017. ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

> GROUND ONE: Failing to fully investigate the evidence and witnesses in the case.
> Supporting Facts: Did not get full discovery until six days before guilty plea. On June 20, 2013 I received the last pages of evidence in which it was dealing with the second DNA test. ECF No. 1 at 6.
>
> GROUND TWO: Failing to obtain full discovery until June 2013.
> Supporting Facts: State failed to hand over full discovery that was dealing with DNA and attorney did not review discovery until six (6) months before guilty plea. *Id.* at 8.
>
> GROUND THREE: Failing to provide full discovery to applicant.
> Supporting Facts: By attorney not reviewing discovery the applicant was not provided a chance to see, review, or question findings found by the State. *Id.* at 9.
>
> GROUND FOUR: Failing to have fingerprint evidence independently evaluated.
> Supporting Facts:  Plea counsel was ineffective for not having the second DNA independently analyzed even if she had to ask for a continuance because the forensic evidence was the sole evidence linking Montgomery to this crime. Without thoroughly investigating the other potential suspects DNA Montgomery's guilty plea was not knowingly and intelligently and freely entered. *Id.* at 11.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Standard of Review

        1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)     (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644

F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply

with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.

*Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

III.    Analysis

   A. Procedurally-Barred Grounds

   As an initial matter, Respondent maintains that the first three grounds Petitioner raised in his habeas Petition are ripe for habeas review. ECF No. 18 at 9. Though Respondent does not address Ground Four, the undersigned finds the PCR court addressed this ground on the merits, and it was raised in Petitioner's PCR appeal.  Therefore, it is also ripe for habeas review.[3]

   B.    Merits

      1.    **<u>Ground One</u>**—Plea counsel's failure to investigate the case; and
            **<u>Ground Four</u>**—Plea counsel's failure to have fingerprint evidence independently evaluated.

   In Grounds One and Four Petitioner alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[3] It appears that Respondent has addressed the merits of Grounds One and Four under the same Ground. *See* ECF No. 18 at 9-17. Based on Respondent's analysis and the similarity of the two Grounds, the undersigned will also address these grounds in the same analysis section.

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In addressing Grounds One and Four on the merits, Respondent argues that Petitioner cannot demonstrate he is entitled to habeas relief because the state court record supports the PCR court's finding that plea counsel effectively investigated the case. ECF No. 18 at 9. Additionally, Respondent maintains that the state record demonstrates plea counsel effectively "looked into the DNA and print evidence, attempted to locate witnesses and suspects, and her performance was not deficient." *Id.* at 9-10. Petitioner has not specifically responded to Respondent's arguments concerning Grounds One and Four. *See* ECF No. 32.

Concerning plea counsel's investigation of Petitioner's case, the PCR court found that plea counsel effectively represented Petitioner with respect to the DNA and finger/palm print evidence. App. 101. Further, the PCR court found plea counsel "hired an independent expert to review and aid her in understanding the finger/palm print evidence in the case and would have utilized this expert had [Petitioner] chosen to pursue a trial." *Id.* Additionally, the PCR court determined that Petitioner pleaded guilty on his own volition because "in his own words, he knew the State would take the plea offer off of the table if he did not accept it, and he did not want to risk life without parole." *Id.* With regards to plea counsel's attempts to locate lay

15

witnesses, the PCR court held Petitioner could not establish prejudice in plea counsel's alleged failure because he produced no favorable witness testimony. *Id.* at 101-02. Additionally, the PCR court noted plea counsel and her investigator attempted to locate witnesses but only located one witness—"Caveman." *Id.* at 102. Therefore, the PCR court found plea counsel acted in a reasonable manner. *Id.* Thus, the PCR court found Petitioner failed to demonstrate either *Strickland* prong with regards to these grounds.

The PCR testimony confirms the PCR court's findings. There, Petitioner testified plea counsel "met with [him] pretty frequently throughout the time span of the case." App. 56. Petitioner admitted that he received Rule 5 discovery materials from plea counsel. *Id.* However, Petitioner testified that some of it was missing, and he did not receive all materials until six days before trial. App. 57. Further, Petitioner admitted plea counsel went over the fingerprint evidence with him. *Id.* Specifically, Petitioner testified that his palm print was on a bottle and positioned in a manner that appeared "in a drinking motion instead of like a stabbing motion." App. 58. However, Petitioner testified plea counsel discussed this appearance with him. *Id.* Moreover, Petitioner testified "I didn't want to get a life sentence, so that's why I went on ahead and took the plea because I was afraid that the State would take the plea off the table." App. 60.

Plea counsel testified they received DNA evidence that had been tested by SLED early on in the litigation, but the State later determined there was an issue with their search warrant. App. 73-74. Plea counsel testified the State got a second search warrant for Petitioner's DNA and that DNA evidence was not received until closer to Petitioner's plea hearing. App. 74. Plea counsel testified she had the first DNA evidence independently analyzed but not the second DNA evidence that was received closer to the plea date. *Id.* Concerning the fingerprint evidence, plea

counsel testified she "retained an expert who analyzed both a fingerprint and a palm print on a glass bottle." *Id.* Regarding other suspects, plea counsel testified:

> [T]here were other people's DNA that was tested and we could never really get a true answer as to why those people were suspects. And so that is some of the information that was coming in leading up to his plea hearing. And there really was no good explanation for why their DNA was tested. It's like the police were desperate at that point, and, you know, so-and-so was in the paper for this case or so-and-so was a suspect in a rape case. They just threw those -- threw them into the like testing process. But nothing that was really going to help us.

App. 75.

When questioned about asking for a continuance, plea counsel testified she never made a request because "[Petitioner] was pretty clear that he wanted to plead guilty." *Id.* Plea counsel testified they never had the second batch of DNA tested but "[i]f he had wanted that [she] certainly would have done that for him or asked for a continuance." App. 76. Concerning further investigation efforts she made, plea counsel testified she had an investigator look into everything the defense knew about the case, including an individual named Nesbitt, who had been a suspect. App. 79. Plea counsel testified Nesbitt made a comment that was pretty incriminating to somebody else and that person was interviewed. *Id.* Further, plea counsel testified her investigator went out into the community to try and get more information about the victim and "did a pretty thorough job, [and] [they] did everything [they] could as far as investigation." *Id.*

Turning to the plea hearing, the undersigned also finds the plea colloquy confirms Petitioner's knowing and informed plea. The United States Supreme Court has stated that "[i]t is beyond dispute that a guilty plea must be both knowing and voluntary." *Parke v. Raley*, 506 U.S. 20, 29 (1992). The Court has also held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant

circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). When a criminal defendant enters into a plea to settle a pending charge against him, he waives any independent constitutional claim regarding matters that took place before entry of the plea and can "only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Additionally, persons who enter into pleas are generally bound by the statements that they make at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Only limited exceptions to this rule are available, such as where credible facts are presented to show that the plea is "the product of such factors as misunderstanding, duress, or misrepresentation by others." *Id.; see also Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003) (*citing Brady*, 397 U.S. at 755, finding no cause for a court to disregard apparently truthful statements where petitioner "presented no evidence of sufficient evidentiary force, *e.g.,* evidence that he was forced, coerced, threatened, or improperly induced into pleading guilty"). The Fourth Circuit Court of Appeals has held that a habeas petitioner is bound by his statements at a plea hearing unless he can prove facts justifying application of an exception by "clear and convincing evidence . . . ." *Walton v. Angelone*, 321 F.3d at 462; *see also Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1974) (defendant's plea statements "conclusive[]" absent defendant's showing in collateral proceeding "a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.").

Following independent review of the record, the undersigned finds that the plea court conducted a thorough colloquy and closely examined Petitioner's understanding of the charge and potential sentencing range to which he was exposed. The record discloses that Petitioner

wanted to move forward with a negotiated plea that plea counsel and the State worked out on his behalf. App. 3. Further, Petitioner admitted that he and plea counsel discussed the "entire package" and plea counsel's "memo [and] supporting documents in mitigation in this case." App. 4. Petitioner clearly and consistently told the plea court that he understood the charge and potential sentence, that he knew a 40-year sentence is what had been negotiated between plea counsel and the Solicitor on his behalf, and that he wanted to enter the *Alford* plea as explained to him by the plea court and plea counsel. App. 8-26. Accordingly, the plea court sentenced Petitioner to 40-years imprisonment. App. 26.

The undersigned finds that this court is prohibited from granting habeas relief unless the state court's decision contradicts, or is an unreasonable application of, "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The PCR court's determinations concerning plea counsel's effectiveness in her investigation do not contradict and are not an unreasonable application of federal law as determined by the Supreme Court of the United States. Therefore, this court cannot conclude that the PCR court's determination on these issues was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the undersigned also recommends granting Respondent's Motion for Summary Judgment concerning Grounds One and Four because Petitioner failed to demonstrate either prong of the *Strickland* test.

2. **Ground Two**: Ineffective Assistance of plea counsel for failing to obtain full discovery until June 2013; and
**Ground Three**: Ineffective assistance of plea counsel for failure to provide full discovery to Petitioner.

In Ground Two, Petitioner maintains the State did not hand over full discovery concerning DNA evidence until June 2013, and his plea counsel did not review discovery until

six months before his guilty plea.[4] ECF 1 at 8. Additionally, in Ground Three Petitioner alleges plea counsel failed to provide full discovery to him and because his plea counsel did not review discovery with him, he did not have the chance to see, review, or question findings by the State. *Id.* at 9. Respondent maintains Petitioner cannot demonstrate he is entitled to habeas relief on these claims because the record supports the PCR court's determination that plea counsel effectively handled discovery, including discussing it with Petitioner at various stages. ECF No. 18 at 17.

First, Petitioner has failed to demonstrate that his plea counsel was deficient pursuant to *Strickland*. At the PCR hearing, as indicated above, Petitioner admitted he received Rule 5 discovery materials from plea counsel, including fingerprint/palm evidence. App. 56. Petitioner took issue with receiving certain DNA evidence from the State six days before trial. App. 57. However, during her testimony, plea counsel explained the need for the State's supplement or update of the evidence. App. 73-74. Therefore, Petitioner has failed to demonstrate the first prong under *Strickland* concerning these claims.

Second, Petitioner failed to demonstrate that he was prejudiced by plea counsel's alleged failure to review discovery with him. The record unequivocally demonstrates Petitioner's desire to accept the negotiated plea of 40-years imprisonment rather than face life without the possibility of parole had he proceeded with a trial. Petitioner has not pointed to any disclosed or undisclosed evidence which would have potentially impacted his decision to plead guilty. Therefore, Petitioner did not prove the second prong of the *Strickland* test either.

---

[4] The undersigned notes that the representation of "six months" in this Ground is likely a scrivener's error by Petitioner because the trial transcript and the PCR transcript indicate that evidence was received six days before his guilty plea. App. 57, 101.

Here, the PCR court found that Petitioner failed to meet his burden of proving plea counsel's performance was deficient or that he was prejudiced thereby because plea counsel testified she received discovery throughout her representation, and Petitioner admitted he frequently met with plea counsel and received Rule 5 materials. App. 102. The PCR court's rejection of the ineffective assistance of counsel claim for failing to review discovery with Petitioner, including DNA evidence, did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Grounds Two and Three.

IV.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be granted. Based on this recommendation, the undersigned also recommends denying Petitioner's Motion for Expenditure of Funds for Investigative Services. ECF No. 35. According, the undersigned recommends this Petition be denied.

IT IS SO RECOMMENDED.

September 12, 2017                                      Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**