# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Tommy Antwan Montgomery, ) | |
| ) | Civil Action No.: 5:17-cv-00790-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on September 12, 2017 (ECF No. 36), recommending that the Warden of Lieber Correctional Institution's ("Respondent") Motion for Summary Judgment (ECF No. 19) be granted.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

The parties were advised of their right to file objections to the Report. (ECF No. 36-1.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for accepting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law.[1] The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 36) and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19). Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**,

---

[1] The court notes that Petitioner's response to Respondent's Motion for Summary Judgment alleges that the judge presiding over his post-conviction relief hearing did not address his allegations of undue pressure that he felt in accepting a plea deal rather than risking receiving a sentence of life without parole, which was raised in his Application for Post-Conviction Relief. (ECF No. 18-1 at 45.) (ECF No. 32 at 1.) Neither did the Magistrate Judge's Report also address this "undue burden" allegation. The court finds that the Report's lack of acknowledgement of these issues was not a "clear error" because Petitioner did not raise these grounds in his initial Petition for Writ of Habeas Corpus (ECF No. 1), thus he cannot raise them now. *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.,* 262 F. App'x 556, 563 (4th Cir. 2008) (finding that a plaintiff cannot raise new claims in response to a motion for summary judgment, unless the plaintiff first amends their complaint) (citing *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir.2004)); *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) ("[a] factual finding is clearly erroneous when we are 'left with the definite and firm conviction that a mistake has been committed.'") (citing *Anderson v. Bessemer City*, 470 U.S. 564 (1985)).

and Plaintiff's Motion for Expenditure of Funds for Investigative and Expert Service (ECF No. 35) is **DENIED.**

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 2, 2017
Columbia, South Carolina